■ GERMAN BERRIOS, as Administrator of the Estate of PRISCILLA BERRIOS, Deceased, Appellant, v. BETH ISRAEL HOSPITAL et al., Respondents, et al., Defendant.— Order, Supreme Court, New York County, entered October 16, 1973, denying plaintiff's motion for renewal or rehearing of a prior motion seeking restoration of the action to the calendar, is unanimously modified, on the facts and in the exercise of discretion, to deny such motion without prejudice to a further application upon a proper affidavit of merits, and, as so modified, the order is affirmed, without costs and without disbursements. Appeal from the order of the Supreme Court, New York County, entered May 10, 1973, denying plaintiff's original motion to restore the action to the calendar is unanimously dismissed as academic, without costs and without disbursements, in view of the appeal from the subsequent order on the motion for renewal. The action was initially placed on the calendar pursuant to court order permitting the filing of a statement of readiness reserving plaintiff's rights to complete examinations before trial. On May 19, 1972, however, the action was marked off the calendar on plaintiff's own motion, since it was not ready for trial. It is therefore apparent that the action was marked off the calendar pursuant to the rules of the court which provides that "upon any calendar call the court on its own motion or on motion of any party may strike the action from the calendar on [the ground]: (i) that the action is not ready for trial" (Rules of the Supreme Court for New York and Bronx Counties, 22 NYCRR 660.4 [d] [4]). Accordingly, on the motion to restore, plaintiff was required to submit "an affidavit showing that there is merit to the action [and] the reasons for the acts or omissions which led to the action being struck from the calendar" (Rules of the Supreme Court for New York and Bronx Counties, 22 NYCRR 660.4 [d] [5]). Although on the renewed motion plaintiff submitted sufficient to establish that he had endeavored in good faith to complete all pretrial proceedings and that much of the delay was due to the conduct of the various defendants which prompted the original motion to mark the case off the calendar, nevertheless, there was a complete absence of any affidavit of merits. Considering all the circumstances involved herein, including the numerous difficulties plaintiff has encountered, which caused numerous prior applications to the Supreme Court, we believe that the interests of justice would best be served by permitting plaintiff another opportunity to seek restoration

of the action to the calendar upon submission of all the papers required pursuant to the Rules of the Supreme Court for New York County. Concur— McGivern, P. J., Kupferman, Steuer, Tilzer and Lane, JJ.